UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Paul Dickey,  *Plaintiff*, | § § § |
| v. | §  Civil Action No. _____ § |
| Riverbend Community Mental Health, Inc.,  *Defendant*. | § § § |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant Riverbend Community Mental Health, Inc. ("Riverbend") files this Notice of Removal of an action pending in the Merrimack County (New Hampshire) Superior Court, (hereinafter "State Court"), and in support hereof state as follows:

1.  Riverbend is the defendant in a civil action brought by plaintiff Paul Dickey (Case No. 217-2019-CV-00015) in the State Court. Therein, plaintiff asserts, *inter alia*, a claim against Riverbend under the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12101 *et seq*. *See* Complaint at ¶ 1 ("This action is brought by Paul Dickey … against Riverbend Community Mental Health, Inc. … for violation of the Americans with Disabilities Act….").

2.  Copies of all "process, pleadings and orders" received by Riverbend are attached hereto as Exhibit A.

3.  The court has original jurisdiction over this action under 28 U.S.C. § 1331 because, as noted, plaintiff asserts that Riverbend violated the ADA, a federal statute. Thus, plaintiff's action arises under the laws of the United States. The court also has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. *See Brennan v. King*, 139 F.3d 258, 263 (1st Cir. 1998).

4. Removal of this civil action to the United States District Court for the District of New Hampshire is proper pursuant to 28 U.S.C. § 1441(a) because this is the district "embracing the place" where the State Court action is pending.

5. Riverbend desires to remove this action to this Court and submit this Notice of Removal in accordance with 28 U.S.C. §§ 1441 and 1446.

6. This Notice of Removal is timely in that plaintiff's Complaint was filed on January 9, 2019, Riverbend's counsel received a courtesy copy of the Complaint on January 14, 2019, and Riverbend's counsel accepted service on its behalf on January 23, 2019.  As such, by any measure, this Notice of Removal is filed within 30 days of defendant's "receipt" of plaintiff's Complaint.

7. Riverbend shall promptly provide written notice of the filing of this Notice of Removal to plaintiff and promptly file a copy of this Notice of Removal with the Clerk of the State Court, as provided by 28 U.S.C. 1446(d).

8. Pursuant to Local Rule 81.1(c), Riverbend shall request from the Clerk of the State Court true copies of all records and proceedings in the State Court and shall file the same.

Respectfully submitted,

RIVERBEND COMMUNITY MENTAL HEALTH, INC.

By Its Attorneys,
SULLOWAY & HOLLIS, P.L.L.C.

DATED:  February 6, 2019         By:   /s/ William D. Pandolph, Esq.
                                 William D. Pandolph, Esq. #5579
                                 9 Capitol Street
                                 Concord, NH 03301
                                 (603)223-2800
                                 e-mail:  wpandolph@sulloway.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

DATED:  February 6, 2019          By:     /s/ William D. Pandolph, Esq.
                                                 William D. Pandolph, Esq.