THE STATE OF NEW HAMPSHIRE
SUPERIOR COURT

MERRIMACK, SS

Paul Dickey

v.

Riverbend Community Mental Health, LLC

## COMPLAINT

### NATURE OF THE ACTION

1. This action is brought by Paul Dickey ("Plaintiff") against Riverbend Community Mental Health, Inc. ("Defendant") for violation of the Americans with Disabilities Act (42 U.S. Code § 12112, et al.), violation of the New Hampshire Law Against Discrimination (NH RSA 354-A), and for Wrongful Termination in Violation of Public Policy.

2. Plaintiff seeks a JURY TRIAL in this matter.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to RSA 491:7. Venue is proper regarding Defendant because it owns and operates its business at an address of 3 North State Street, Concord, NH 03301.

### PARTIES

4. Plaintiff is a New Hampshire resident with an address of 36 Corn Hill Road, Boscawen, NH 03303.

5. Defendant is a corporation conducting business in the state of New Hampshire with a principal place of business located at 3 North State Street, Concord, NH 03301.

## FACTS APPLICABLE TO ALL COUNTS

6. Plaintiff started working for Defendant Riverbend Community Mental Health, LLC in 2015 as a bus driver.

7. Plaintiff was qualified to perform the essential functions of his job and, with few exceptions, received positive feedback regarding his performance.

8. In mid-September, 2017, Plaintiff suffered a great personal tragedy when his son, took his life via suicide at the age of nineteen.

9. Upon learning of his son's suicide, Plaintiff began to experience severe and debilitating depression, anxiety, and post-traumatic stress ("PTSD"). After consulting with his doctor, Plaintiff determined that it was necessary to take a medical leave of absence from his employment with Defendant.

10. After a period of medical leave, Plaintiff attempted to return to work in early November, 2017.

11. Upon returning to work, Plaintiff quickly determined his depression and PTSD symptoms were still too significant to be back at work. As such, Plaintiff informed his employer that he would need to resume his medical leave.

12. After further consulting with his doctor in November, 2017, it was decided that Plaintiff would remain out of work through the winter holiday season before being re-evaluated in early 2018.

13. Though the specific date was uncertain, it was estimated that Plaintiff would return to work between January and March of 2018.

14. With Plaintiff's authorization, Plaintiff's doctor communicated directly with Defendant concerning Plaintiff's condition and ability to return to work.

15. On Friday, December 22, 2017, three days prior to Plaintiff's first Christmas without his son, Defendant contacted Plaintiff and communicated that he was terminated effective immediately because he had exhausted his FMLA leave and could not return to work immediately.

16. This occurred despite the fact Defendant was receiving disability through the Defendant's disability carrier.

17. Defendant had not previously informed Plaintiff that they would not accommodate his medical leave.

18. Defendant had not previously informed Plaintiff that that he would be terminated if he could not return by a specific date.

19. After learning that he was to be terminated, Plaintiff requested that Defendant hold his job for a short period of time longer to allow him the opportunity to continue his recovery.

20. Plaintiff also notified Defendant personally that his return to work date would be reevaluated in early 2018 – approximately two weeks later.

21. In response, Defendant told Plaintiff that that unless he could return to work within his next two scheduled work days, that his employment would be terminated.

22. Defendant also confirmed Plaintiff's termination and the reasons for said termination in writing shortly thereafter.

**COUNT I- Discrimination in Violation of the Americans with Disabilities Act, 42 U.S.C.A. 121112 et al. and NH RSA 354-A**

23. Plaintiff repeats and realleges each allegation contained in the paragraphs above.

24. At the time Plaintiff was terminated, he suffered from PTSD, anxiety, depression, and irritable bowel syndrome, which substantially limited major life activities including but not limited to, concentrating, thinking, sleeping, eating, and exercising.

25. With the reasonable accommodation of a period of medical leave to address the symptoms of his disabilities, the Plaintiff was capable of performing the essential functions of his job, as he did previously.

26. By failing to provide Plaintiff with the reasonable accommodation that he needed in the form of a period of medical leave, and instead terminating him for taking said medical leave, Defendant committed disability discrimination in violation of the ADA and NH RSA 354-A.

27. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered and continues to suffer damages, including without limitation, lost wages, lost earning capacity, emotional distress, humiliation, inconvenience and loss of enjoyment of life. Furthermore, in firing the Plaintiff in response to being notified of his disability and need for medical leave, the defendant acted with malice and with reckless disregard of Plaintiff's federally protected rights, entitling him to punitive damages and enhanced compensatory damages. Plaintiff is further entitled to attorney's fees, interest and costs

**COUNT II– Retaliation in Violation of
the Americans with Disabilities Act, 42 U.S.C.A 12112 et al. and NH RSA 354-A**

28. Plaintiff repeats and realleges each allegation contained in the paragraphs above.

29. At the time Plaintiff was terminated, he suffered from PTSD, anxiety, depression, and irritable bowel syndrome, which substantially limited major life activities including but not limited to, concentrating, thinking, sleeping, eating, and exercising.

30. With the reasonable accommodation of a period of medical leave to address the symptoms of his disabilities, the Plaintiff was capable of performing the essential functions of his job, as he did previously.

31. By taking adverse employment action against the Plaintiff in response to being notified of the Plaintiff's qualifying disabilities and requests for a reasonable accommodation, Defendant committed unlawful discriminatory retaliation in violation of the Americans with Disabilities Act and NH RSA 354-A.

32. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered and continues to suffer damages, including without limitation, lost wages, lost earning capacity, emotional distress, humiliation, inconvenience and loss of enjoyment of life. He has also received adverse employment references from the Defendant, further causing him damage. Furthermore, in firing the Plaintiff in response to being notified of his disability and need for medical leave, the defendant acted with malice and with reckless disregard of Plaintiff's federally protected rights, entitling him to punitive damages and enhanced compensatory damages. Plaintiff is further entitled to attorney's fees, interest and costs.

**COUNT III – Wrongful Termination in Violation of Public Policy**

33. Plaintiff repeats and realleges each allegation contained in the paragraphs above.

34. Public policy would encourage an employee, such as Plaintiff, to engage in activities protected by state and federal law, including, but not limited to, requesting a reasonable accommodation in a time when the employee suffers from a disability.

35. In malicious retaliation for Plaintiff requesting a medical leave in accordance with state and federal law, Defendant unlawfully terminated Plaintiff.

36. As a direct and proximate result of the Defendant's wrongful termination of the Plaintiff, Plaintiff has suffered and continues to suffer damages, including without limitation, lost

wages, lost earning capacity, emotional distress, humiliation, inconvenience and loss of enjoyment of life.  Additionally, Plaintiff seeks enhanced compensatory damages for the wanton, malicious or oppressive manner in which the Defendant's discharged the Plaintiff. Plaintiff is further entitled to attorney's fees, interest and costs.

**WHEREFORE**, the Plaintiff, Paul Dickey, respectfully prays that this Honorable Court:

A. Schedule this matter for a Jury Trial;

B. Find the Defendant liable for violation of the Americans with Disabilities Act, 42 U.S.C.A 12112 et al.;

C. Find the Defendant liable for violation of the New Hampshire Law Against Discrimination, RSA 354-A et seq.;

D. Find the Defendant liable for Wrongful Termination in Violation of Public Policy;

E. Award all damages alleged or otherwise entitled to the Plaintiff for the unlawful actions of the Defendant, including punitive and enhanced compensatory damages; and

F. Grant other and further relief as this Court deems just and equitable.

Respectfully submitted,

Paul Dickey, Plaintiff
By His Attorneys,
*WELTS, WHITE & FONTAINE, P.C.*

Date:     January 9, 2019            By:    /s/ Jack White
                                     Jack S. White, Bar No. 2725
                                     Israel F. Piedra, Bar No. 267568
                                     29 Factory Street; P.O. Box 507

Nashua, NH 03061
(603) 883-0797
jwhite@lawyersnh.com
ipiedra@lawyersnh.com

STATE OF NEW HAMPSHIRE

MERRIMACK, SS. SUPERIOR COURT

217-2019-CV-00015

Paul Dickey

v.

Riverbend Community Mental Health, LLC

## ACCEPTANCE OF SERVICE

I, William D. Pandolph, Esq., attorney for defendant Riverbend Community Mental Health, Inc., in the above-referenced action, do hereby accept service of Paul Dickey's Complaint with Summons regarding the above-referenced matter and waive all formalities of service related thereto pursuant to New Hampshire law.

                                          Respectfully submitted,

                                          RIVERBEND COMMUNITY MENTAL
                                          HEALTH, INC.

                                          By Its Attorneys,
                                          SULLOWAY & HOLLIS, P.L.L.C.

DATED: January 23, 2019              By: _____
                                          William D. Pandolph, Esq. #5579
                                          9 Capitol Street
                                          Concord, NH 03301
                                          (603) 223-2800
                                          e-mail: wpandolph@sulloway.com